UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| KIM R. S.,[1] | Case No. 5:21-cv-00546-JDE |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| KILOLO KIJAKAZI,[2] Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Kim R. S. ("Plaintiff") filed a Complaint on March 30, 2021, seeking review of the Commissioner's denial of her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties filed a Joint Submission ("Jt. Stip.") regarding the issues in dispute on April 13, 2022. The matter now is ready for decision.

---

[1] Plaintiff's name has been partially redacted in accordance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Kilolo Kijakazi, now Acting Commissioner of the Social Security Administration, is substituted as defendant. See Fed. R. Civ. P. 25(d).

# I.

## BACKGROUND

Plaintiff protectively filed for DIB and SSI on October 31, 2018, alleging disability commencing on July 31, 2018. Administrative Record ("AR") 61, 75, 89, 90. On August 10, 2020, after her applications were denied (AR 111, 133), Plaintiff, represented by counsel, and a vocational expert ("VE") testified before an Administrative Law Judge ("ALJ"). AR 36-60.

On October 1, 2020, the ALJ concluded Plaintiff was not disabled. AR 27. The ALJ found Plaintiff met the insurance requirements of the Social Security Act ("SSA") through December 31, 2022, and had not engaged in substantial gainful activity since the alleged onset date. AR 17.The ALJ then found Plaintiff had severe impairments  of "lumbar degenerative disc disease, cervical degenerative disc disease with osteoarthritis, thoracic degenerative disc disease, mild left hip degenerative joint disease, congestive heart failure status post heart transplant, hypertension, obesity, coccidiomycosis (valley fever), anemia and obesity," but found diabetes mellitus, amphetamine use disorder, juvenile rheumatoid arthritis, chronic kidney disease, obstructive sleep apnea, and umbilical hernia were not severe. AR 17-19. The ALJ found Plaintiff's anxiety and depression were non-severe under the "paragraph B" criteria of 20 C.F.R., Part 404, Subpart P, Appendix 1. AR 19-20. The ALJ found Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment (AR 20), and had the residual functional capacity ("RFC") to perform light work except:

> [T]he claimant can stand and walk for a total combined time of four hours in a workday. The claimant can occasionally tolerate ramps and stairs but cannot use ladders, ropes or scaffolding. The claimant can occasionally perform balancing, stooping, kneeling, crouching and crawling. The claimant cannot work around heavy

machinery with fast moving parts or at unprotected heights. The
claimant cannot work in environments with concentrated exposure
to fumes, odors, dusts, ga[s]ses or other respiratory irritants. The
claimant cannot work in environments with concentrated exposure
to extreme heat or cold.

AR 21.[3]

The ALJ found Plaintiff capable of performing her past relevant work as a data entry clerk (Dictionary of Occupational Titles ("DOT") 203.582-054) as actually and generally performed. AR 24-25. The ALJ further determined that in addition to her past relevant work, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 25. Considering Plaintiff's age, education, work experience, RFC, and the VE's testimony, the ALJ found Plaintiff could perform the representative occupations of change account clerk (DOT 205.367-014); addresser (DOT 209.587-010); and press clippings cutter and paster (DOT 249.587-014). AR 26. Thus, the ALJ concluded Plaintiff was not under a "disability," as defined in the SSA, from the alleged onset date through the date of the decision. AR 26-27.

The Appeals Council denied Plaintiff's request for review on February 3, 2021, making the ALJ's decision the agency's final decision. AR 1-3.

---

[3] "Light work" is defined as:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [a claimant] must have the ability to do substantially all of these activities.

20 C.F.R. §§ 404.1567(b), 416.967(b); see also Aide R. v. Saul, 2020 WL 7773896, *2 n.6 (C.D. Cal. Dec. 30, 2020).

## II.

## LEGAL STANDARDS

**A.    Standard of Review**

Under 42 U.S.C. § 405(g), this Court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and supported by substantial evidence based on the record as a whole. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Id.

To assess whether substantial evidence supports a finding, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."), superseded by regulation on other grounds as stated in Thomas v. Saul, 830 F. App'x 196, 198 (9th Cir. 2020).

Lastly, even if an ALJ errs, the decision will be affirmed where such error is harmless (Molina, 674 F.3d at 1115), that is, if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter, 806 F.3d at 492 (citation omitted); Smith v.

4

1  Kijakazi, 14 F.4th 1108, 1111 (9th Cir. 2021) (observing that even where the

2  "modest burden" of the substantial evidence standard is not met, the court

3  "will not reverse an ALJ's decision where the error was harmless").

4  **B.**   **Standard for Determining Disability Benefits**

5      When the claimant's case has proceeded to consideration by an ALJ, the

6  ALJ conducts a five-step sequential evaluation to determine at each step if the

7  claimant is or is not disabled. See Ford v. Saul, 950 F.3d 1141, 1148-49 (9th

8  Cir. 2020); Molina, 674 F.3d at 1110.

9      First, the ALJ considers whether the claimant currently works at a job

10  that meets the criteria for "substantial gainful activity." Molina, 674 F.3d at

11  1110. If not, the ALJ proceeds to a second step to determine whether the

12  claimant has a "severe" medically determinable physical or mental impairment

13  or combination of impairments that has lasted for more than twelve months.

14  Id. If so, the ALJ proceeds to a third step to determine whether the claimant's

15  impairments render the claimant disabled because they "meet or equal" any of

16  the "listed impairments" set forth in the Social Security regulations at 20

17  C.F.R. Part 404, Subpart P, Appendix 1. See Rounds v. Comm'r Soc. Sec.

18  Admin., 807 F.3d 996, 1001 (9th Cir. 2015). If the claimant's impairments do

19  not meet or equal a "listed impairment," before proceeding to the fourth step

20  the ALJ assesses the claimant's RFC, that is, what the claimant can do on a

21  sustained basis despite the limitations from her impairments. See 20 C.F.R. §§

22  404.1520(a)(4), 416.920(a)(4); Social Security Ruling ("SSR") 96-8p.

23      After determining the claimant's RFC, the ALJ proceeds to the fourth

24  step and determines whether the claimant has the RFC to perform her past

25  relevant work, either as she "actually" performed it when she worked in the

26  past, or as that same job is "generally" performed in the national economy. See

27  Stacy v. Colvin, 825 F.3d 563, 569 (9th Cir. 2016). If the claimant cannot

28  perform her past relevant work, the ALJ proceeds to a fifth and final step to

5

determine whether there is any other work, in light of the claimant's RFC, age, education, and work experience, that the claimant can perform and that exists in "significant numbers" in either the national or regional economies. See Tackett v. Apfel, 180 F.3d 1094, 1100-01 (9th Cir. 1999). If the claimant can do other work, she is not disabled; but if the claimant cannot do other work and meets the duration requirement, the claimant is disabled. See id. at 1099.

The claimant generally bears the burden at each of steps one through four to show she is disabled, or she meets the requirements to proceed to the next step; and the claimant bears the ultimate burden to show she is disabled. See, e.g., Ford, 950 F.3d at 1148; Molina, 674 F.3d at 1110. However, at Step Five, the ALJ has a "limited" burden of production to identify representative jobs that the claimant can perform and that exist in "significant" numbers in the economy. See Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Tackett, 180 F.3d at 1100.

## III.

## DISCUSSION

The parties present two disputed issues (Jt. Stip. at 3):

Issue No. 1: Whether the ALJ properly concluded that Plaintiff's sleep apnea is a non-severe impairment; and

Issue No. 2: Whether the ALJ properly concluded that Plaintiff has no severe mental impairments.

**A.   Sleep Apnea as a Non-Severe Impairment**

Plaintiff contends the ALJ committed harmful error by finding her sleep apnea to be a non-severe impairment at Step Two, arguing that her sleep apnea has more than a minimal effect on her work-related abilities. Jt. Stip. at 6. Defendant counters the ALJ did not commit error because Plaintiff prevailed at Step Two, meaning the ALJ accounted for Plaintiff's sleep apnea when formulating her RFC. Id. at 6-7. Further, Defendant claims the ALJ presented

other legitimate reasons supported by substantial evidence for finding Plaintiff's sleep apnea to be a non-severe impairment. Id. at 7-9.

        1.    <u>Applicable Law</u>

"In step two of the disability determination, an ALJ must determine whether the claimant has a medically severe impairment or combination of impairments." <u>Keyser v. Comm'r Soc. Sec. Admin.</u>, 648 F.3d 721, 725 (9th Cir. 2011). A claimant has a severe impairment when the evidence establishes that an impairment has more than a minimal effect on an individual's ability to perform basic work activities. <u>Webb v. Barnhart</u>, 433 F.3d 683, 686 (9th Cir. 2005); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1290 (9th Cir. 1996); 20 C.F.R. §§ 404.1522(a), 416.922(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). The regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs," which include physical functions such as walking, standing, sitting, pushing, and carrying, and mental functions such as understanding and remembering simple instructions; responding appropriately in a work setting; and dealing with changes in a work setting. 20 C.F.R. §§ 404.1522(b), 416.922(b).

The Step Two analysis is "merely a threshold determination meant to screen out weak claims." <u>Buck v. Berryhill</u>, 869 F.3d 1040, 1048 (9th Cir. 2017) (citing <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146-47 (1987)). As such, once the ALJ finds the claimant has at least one severe impairment at Step Two, the ALJ must consider all the claimant's impairments when formulating the claimant's RFC, including those impairments the ALJ determined to be non-severe. <u>Buck</u>, 869 F.3d at 1048-49. Thus, even if an ALJ erred by finding a particular impairment to be non-severe at Step Two, the error is harmless so long as the limitations of that impairment are considered when formulating the claimant's RFC. <u>Scott H. v. Kijakazi</u>, 2022 WL 392293, at *9 (D. Alaska Feb.

9, 2022); see also Parton v. Saul, 845 F. App'x 592, 594 (9th Cir. 2021) ("When Step Two is decided in the claimant's favor, any error is harmless and cannot be the basis for remand."); Heller v. Comm'r of Soc. Sec. Admin., 2018 WL 4377162, at *5 (D. Ariz. Sept. 14, 2018) (finding that under Buck, "the ALJ's RFC formulation should be exactly the same regardless of whether an impairment is severe or not").

      2.   Analysis

      As noted, the ALJ found Plaintiff's sleep apnea to be a non-severe impairment at Step Two. AR 18. In making this finding, the ALJ first observed that Plaintiff did not allege any significant limitations relating to this condition at the administrative hearing. Id. The ALJ further reasoned that while Plaintiff has moderate obstructive sleep apnea, she previously showed good results with a CPAP machine and reports she is able to sleep for 6-8 hours a night. Id. (citing AR 2286, 2506, 2513, 2720). Regardless of the severity of the impairment, the ALJ noted she fully accounted for Plaintiff's sleep apnea when formulating Plaintiff's RFC by incorporating hazard precautions and environmental limitations into the RFC determination. AR 18.

      As an initial matter, the ALJ's reasons for finding Plaintiff's sleep apnea to be not severe are supported by substantial evidence. First, if a claimant fails to raise an impairment at the administrative level, the ALJ is not affirmatively obligated to consider that impairment. Domingue v. Barnhart, 388 F.3d 462, 463 (5th Cir. 2004) (finding ALJ's conclusion that claimant's depression was not a severe impairment to be supported by substantial evidence because claimant did not contend that her depression was a severe impairment at the administrative level); Feliciano Rivera v. Comm'r of Soc. Sec., 2022 WL 702416, at *4 (D.P.R. Mar. 9, 2022). Here, the ALJ correctly noted that Plaintiff did not address her sleep apnea during the administrative hearing. AR 18; see generally AR 38-60. Nor did Plaintiff list sleep apnea as an impairment

on her applications for DIB and SSI. AR 75-76, 92. Accordingly, the ALJ did not err in finding Plaintiff's sleep apnea to be non-severe because the ALJ was not obligated to consider the impairment under the present circumstances. Second, substantial evidence supports an ALJ's finding that an impairment is not severe when medical records show that the claimant's impairment has been controlled by treatment. See Huff v. Astrue, 275 F. App'x 713, 717 (9th Cir. 2008) (finding ALJ did not err in finding claimant's depression to be non-severe because the ALJ reasonably relied on physician's finding that claimant's depression had improved with treatment); Kenneth K. v. Berryhill, 2018 WL 6991256, at *4 (D. Or. Dec. 19, 2018) (finding ALJ's determination that claimant's diabetes was not a severe impairment was supported by substantial evidence because medical records showed her diabetes was "controlled"), report and recommendation adopted by, 2019 WL 165700 (D. Or. Jan. 10, 2019). Here, the ALJ pointed to evidence in the record showing that Plaintiff had been compliant with her CPAP treatment and had reported sleeping 6-8 hours a night in July 2020. AR 18 (citing AR 2720-21). Such evidence of improvement constitutes substantial evidence to support the ALJ's finding that Plaintiff's sleep apnea was not severe.[4] The ALJ thus did not commit error by finding Plaintiff's sleep apnea to be a non-severe impairment at Step Two.

Regardless, even if the ALJ did err, any error the ALJ committed would nonetheless be considered harmless. Under Buck, if a claimant prevails at Step Two, any alleged error committed during the ALJ's Step Two analysis is

---

[4] Plaintiff cites to AR 2724 to argue that Plaintiff's sleep apnea had not improved with treatment because she still suffered from headaches and shortness of breath despite using her CPAP machine. Jt. Stip. at 10. In that treatment note, however, the physician observed that Plaintiff continued to get headaches despite using the CPAP, but that there was "no particular pattern there." AR 2724. This note suggests the physician was unsure whether Plaintiff's sleep apnea was related to her headaches. As such, this note does not undermine the ALJ's finding that Plaintiff's sleep apnea improved with treatment.

harmless and cannot serve as the basis for a remand so long as the RFC formulation accounts for all the claimant's impairments. 869 F.3d at 1049. Here, having determined that Plaintiff suffered from numerous severe impairments, the ALJ proceeded with the five-step sequential analysis and ultimately concluded that Plaintiff was not disabled. AR 17-27. The ALJ also considered Plaintiff's sleep apnea when formulating the RFC by incorporating certain restrictions to account for limitations resulting from Plaintiff's sleep apnea. AR 18. Although Plaintiff argues the ALJ's RFC assessment is insufficient because it does not "fully and adequately account for Plaintiff's sleep apnea symptoms" (Jt. Stip. at 5), as noted, the ALJ is only required to consider the impairment when formulating Plaintiff's RFC on a Step Two challenge. Accordingly, because Plaintiff prevailed at Step Two and because substantial evidence shows that the ALJ accounted for Plaintiff's sleep apnea when formulating her RFC, any error the ALJ may have committed in finding Plaintiff's sleep apnea non-severe at Step Two was harmless.

The ALJ's finding that Plaintiff's sleep apnea was non-severe is supported by substantial evidence. Further, even if the ALJ did err in that regard, any such error was harmless because the ALJ did not end the review at Step Two but instead proceeded with the five-step sequential analysis and properly considered and accounted for Plaintiff's sleep apnea when formulating Plaintiff's RFC at Step Four.

**B.   Mental Impairments as Non-Severe**

Plaintiff asserts the ALJ erred by finding her anxiety and depression to be non-severe at Step Two, arguing that the ALJ improperly relied on opinion evidence predating Plaintiff's most recent treatment records showing more severe mental symptoms. Jt. Stip. at 11-12. Defendant counters that the ALJ properly applied the "paragraph B" criteria and thus reasonably found Plaintiff's anxiety and depression to be non-severe. Id. at 13-15.

10

1       1. <u>Applicable Law</u>

2       An ALJ's finding that a claimant's mental impairments are non-severe is

3 supported by substantial evidence if the ALJ properly considered the

4 claimant's mental health records when assessing the claimant's mental

5 functioning under the "paragraph B" criteria. See <u>Woods v. Kijakazi</u>, --- F.4th

6 ---, 2022 WL 1195334, at *8 (9th Cir. Apr. 22, 2022) (citing 20 C.F.R. pt. 404,

7 subpt. P, app. 1 § 12.00.A.2.b.). In evaluating the severity of a mental

8 impairment, an ALJ must use the "paragraph B" criteria from Section 12.00E

9 of the Appendix 1 listing of impairments. 20 C.F.R. §§ 404.1520a(c)(2)-(3),

10 416.920a(c)(2)-(3). Accordingly, an ALJ will use the paragraph B "four broad

11 functional areas" and "rate the degree of [the claimant's] functional limitation .

12 . . " to "[1] [u]nderstand, remember, or apply information; [2] interact with

13 others; [3] concentrate, persist, or maintain pace; and [4] adapt or manage

14 oneself." 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3). In rating the degree of

15 limitation in each of the four functional areas, an ALJ "will use the following

16 five-point scale: None, mild, moderate, marked, and extreme." 20 C.F.R. §§

17 404.1520a(c)(4), 416.920a(c)(4). If the ALJ rates the claimant's limitations as

18 "none" or "mild" in each of the four areas, the ALJ "will generally conclude

19 that [the claimant's] impairment(s) is not severe, unless the evidence otherwise

20 indicates that there is more than a minimal limitation in [the claimant's] ability

21 to do basic work activities." 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1).

22 Legal error occurs when an ALJ neglects to document her application of the

23 paragraph B criteria or fails to include a specific finding as to the degree of

24 limitation in any of the four functional areas. <u>Lee v. Kijakazi</u>, 2022 WL

25 913057, at *4 (S.D. Cal. Mar. 29, 2022) (citing <u>Keyser</u>, 648 F.3d at 726).

26       2. <u>ALJ's Findings</u>

27       In her decision, the ALJ concluded that Plaintiff's depression and

28 anxiety were non-severe impairments after considering the paragraph B

criteria. AR 19-20. First, the ALJ found Plaintiff had no limitations in understanding, remembering, or applying information because Plaintiff did not previously indicate issues with memory and because she was able to perform personal care, prepare meals, manage finances, take medications, shop, drive, and play games. Id. at 19 (citing AR 277-284, 2189). The ALJ also reasoned the record showed Plaintiff was able to provide information about her health, follow instructions from medical providers, and had no significant issues with memory upon formal examination. AR 19 (citing AR 2190, 2291 ("memory within normal limits"), 2588, 2721 ("Recent and remote memory are good conversationally but fair by subjective report.")). Second, the ALJ found Plaintiff had no limitations in interacting with others. AR 19. The ALJ supported this finding by citing evidence showing that Plaintiff lives with a friend, attends church, and goes to the library, and that medical providers found her to be pleasant and cooperative with appropriate mood and affect. Id. (citing AR 277-284, 2189, 2269, 2469). Third, the ALJ determined that Plaintiff had mild limitations in her ability to concentrate, persist, or maintain pace. AR 19. The ALJ cited to Plaintiff's aforementioned activities of daily living (AR 277-284, 2189) and the lack of medical records showing distractibility or an inability to complete testing assessing concentration and attention (AR 2190-91, 2721) to support this finding. Id. Fourth, the ALJ concluded that Plaintiff had a mild limitation in her ability to adapt or manage herself. Id. The ALJ reasoned the objective evidence in the record showed Plaintiff had appropriate grooming and hygiene, and also had no problem getting along well with providers. Id. (citing AR 2467, 2469-70, 2506).

The ALJ thus concluded that because Plaintiff's medically determinable mental impairments cause no more than a "mild" limitation in any of the functional areas, and because the evidence does not otherwise indicate there is more than a minimal limitation in Plaintiff's ability to do basic work activities,

Plaintiff's mental impairments are non-severe. AR 20. In making these findings, the ALJ found the opinions of Gregory Nicholson, M.D. (AR 2187-2192), P. Solomon, Ph. D. (AR 68), and M. Lin, M.D. (AR 106-07), persuasive. Id.

      3.   Analysis

      As an initial matter, any alleged error by the ALJ in classifying Plaintiff's mental impairments as non-severe at Step Two is not a basis for reversal because the ALJ resolved Step Two in Plaintiff's favor and accounted for the impairments in the RFC. See Buck, 869 F.3d at 1048-49. The ALJ's finding as to Plaintiff's mental impairments at Step Two thus could not have prejudiced Plaintiff. See id. at 1049. Rather, the dispositive question is whether the ALJ's ensuing analysis of Plaintiff's mental impairments, for purposes of the RFC assessment, accurately reflected Plaintiff's limitations based on relevant evidence in the record. See id. (observing that in assessing the RFC, the ALJ "must consider limitations and restrictions by all of an individual's impairments, even those that are not 'severe'"). Here, Plaintiff does not argue that the ALJ's error impacted the RFC determination, and instead singularly argues that the ALJ's failure to find Plaintiff's mental impairments as severe at Step Two constituted harmful error in and of itself. See Jt. Stip. at 11-13, 16-17. Nor does Plaintiff present any limitations associated with her mental impairments she contends should have been included in her RFC. See id. Plaintiff's failure to raise these arguments alone could serve as a basis for affirming the ALJ's finding at Step Two. Cf. Kay N. v. Saul, 2021 WL 1612088, at *3 (C.D. Cal. Apr. 26, 2021) (considering argument that ALJ erred in finding claimant's mental impairments as non-severe at Step Two because the claimant argued in the joint submission that the ALJ's finding would impact her RFC assessment). Nonetheless, the Court will address the ALJ's consideration of Plaintiff's mental impairments under the paragraph B criteria.

Plaintiff first argues the ALJ erred in evaluating Plaintiff's mental impairments because the ALJ "heavily" relied on "outdated opinion evidence that predates Plaintiff's most relevant mental health treatment records." Jt. Stip. at 11, 12. Specifically, Plaintiff contends the ALJ improperly relied on the opinions of Drs. Nicholson, Solomon, and Lin in making her findings, all of whom evaluated Plaintiff before Nicholas Chesher, Ph. D., treated Plaintiff in July 2020. Id. Dr. Chesher diagnosed Plaintiff with "Major Depressive Disorder, recurrent, severe, without psychotic features, with anxious distress,"[5] (AR 2721-22), which Plaintiff claims shows that her "mental impairments had become far more pronounced and symptomatic in 2020." Id. at 12-13.

Plaintiff is mistaken, however, in arguing the ALJ solely relied on "outdated" opinions in evaluating the paragraph B criteria; rather the ALJ cited to Dr. Chesher's notes to support her paragraph B findings. For instance, the ALJ cited to Dr. Chesher's opinion that "[r]ecent and remote memory are good conversationally but fair by subjective report" (AR 2721) to support her finding that Plaintiff exhibited no "significant issues with memory upon formal examination." AR 19. The ALJ also cited to Dr. Chesher's opinion that Plaintiff's attention and concentration are intact (AR 2721) to support her finding that Plaintiff had a mild limitation in her ability to concentrate, persist, or maintain pace. Id. As such, the ALJ considered Dr. Chesher's notes, and thus Plaintiff's most recent medical records, when assessing the severity of Plaintiff's mental impairments under the paragraph B criteria. Moreover, the ALJ's finding that Drs. Nicholson, Solomon, and Lin's opinions were persuasive does not undermine the ALJ's paragraph B analysis, as the ALJ

---

[5] Plaintiff also contends Dr. Chesher diagnosed her with Obsessive Compulsive Disorder ("OCD"). Jt. Stip. at 12 (citing AR 2721). While this is true, Dr. Chesher wrote in a subsequent treatment note he had "rule[d] out" the OCD diagnosis. AR 2722. As such, the Court will not consider that diagnosis in its analysis.

properly considered the findings of all four mental health clinicians when evaluating the severity of Plaintiff's mental impairments. The ALJ's paragraph B findings are supported by substantial evidence. See Wells v. Colvin, 2016 WL 1070665, at *2 (N.D. Cal. Mar. 18, 2016) (finding that because substantial evidence supported the ALJ's paragraph B findings, whether the ALJ erred in assigning physician's opinion "little weight" was not relevant to the Step Two issue of determining whether claimant's depression was a severe impairment).

Plaintiff also argues the ALJ erred in finding Plaintiff's mental impairments to be non-severe because Plaintiff's medical history shows Plaintiff was "consistently diagnosed with depression and anxiety." Jt. Stip. at 16-17. An ALJ, however, is entitled to find a mental impairment to be non-severe even if the claimant has received a formal diagnosis for that impairment. See Jose S. v. Kijakazi, 2022 WL 837416, at *2 (C.D. Cal. Mar. 21, 2022) ("[A] diagnosis alone does not establish disability."); Draiman v. Berryhill, 2018 WL 895445, at *7 (C.D. Cal. Feb. 13, 2018) (finding that claimant's "diagnoses of Major Depressive Disorder and Generalized Anxiety Disorder are insufficient to demonstrate that she has a severe mental impairment" at Step Two). The key inquiry is thus not whether the claimant has a diagnosis for a mental impairment, but rather whether there are findings by the medical sources to support that the mental impairment is "severe" under the paragraph B criteria. See David F. M. v. Saul, 2021 WL 2646905, at *3 (C.D. Cal. June 25, 2021). Here, Plaintiff does not explain why the diagnoses she cites to establish that her depression and anxiety are "severe" under the paragraph B criteria, nor does she identify additional limitations that should have been considered by the ALJ in making her determination. Further, the ALJ provided an adequate explanation for each functional area rating she gave under the paragraph B criteria to support her finding that Plaintiff's mental impairments were not severe. AR 19. The ALJ cited to

Plaintiff's mental health records showing she had good memory and concentration and appropriate grooming and hygiene, see Woods, 2022 WL 1195334, at *8; Carey v. Berryhill, 2017 WL 3457386, at *7 (S.D. Cal. Aug. 11, 2017) (finding there is substantial evidence in the objective medical record supporting the ALJ's decision that claimant's mental health impairment is non-severe), report and recommendation adopted, 2017 WL 4856874 (S.D. Cal. Aug. 29, 2017), and also properly considered Plaintiff's ability to perform personal care, drive, shop in stores, and handle finances to support her finding that Plaintiff's mental impairments did not impose more than a minimal limitation on her functioning. See Jose S., 2022 WL 837416, at *4 (finding that claimant's ability to perform personal care, household chores, drive, shop, and handle his finances was properly considered by the ALJ in concluding that claimant's mental impairment of depression did not impose more than minimal limitations on his functioning); Van Houten v. Berryhill, 2019 WL 691200, at *10-11 (E.D. Cal. Feb. 19, 2019). Accordingly, the ALJ reasonably found Plaintiff's mental impairments to be non-severe despite her diagnoses of depression and anxiety, and her findings are supported by substantial evidence. See Woods, 2022 WL 1195334, at *8; David F. M., 2021 WL 2646905, at *3.

In sum, the ALJ's finding that Plaintiff's depression and anxiety were non-severe impairments is supported by substantial evidence. The ALJ thus did not err in finding these impairments non-severe, but even if the ALJ had erroneously found Plaintiff's mental impairments to be non-severe, this would be harmless error because Plaintiff ultimately prevailed at Step Two and her RFC properly accounted for her mental impairments. Lee, 2022 WL 913057, at *8 (citing Buck, 869 F.3d at 1048).

/ / /

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IV.**

**ORDER**

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.


Dated: May 04, 2022

JOHN D. EARLY
United States Magistrate Judge

17